UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **ANGELE GETSO**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DIRECT ENERGY, L.P.**,<br><br>Defendant. | Civil Case No.: 16-cv-2142<br><br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant Direct Energy, L.P's practice of placing autodialed telemarketing calls to individuals in the absence of consent and after those individuals asked Defendant to stop calling, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff Angele Getso is one such recipient of Defendant's spam telephone calls.

3. Despite Plaintiff never providing express written consent for autodialed telemarketing calls from Defendant, Defendant made such calls to Plaintiff's cellular telephone, and continued after Plaintiff asked Defendant to stop.

4. All of these telephone calls were placed without the prior express written consent of Plaintiff Getso.

5. All of these calls were placed using an automatic telephone dialing system, and none of these calls were placed for an emergency purpose.

6. Many of the calls also used a prerecorded or artificial voice.

7. Accordingly, Plaintiff Getso brings this TCPA action on behalf of herself and a

proposed class of similarly situated individuals for Defendant's violations of the TCPA.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and its wrongful conduct was directed at this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District, because the wrongful conduct was directed at this District, and because Plaintiff resides in this District.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Dallas, Texas.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. Defendant Direct Energy, L.P., and at all times mentioned herein was, a Texas corporation headquartered in Houston, Texas.

14. Defendant Direct Energy, L.P. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

15. Defendant has placed numerous telephone calls to Plaintiff's cellular telephone number – 214-###-8840 – from its telephone numbers, including, but not limited to, 469-224-

0590.

16. These calls were all in an effort to sell Defendant's energy services to Plaintiff, making them advertisements and/or telemarketing.

17. Accordingly, Defendant was required to obtain prior express written consent prior to making these autodialed telemarketing calls.

18. Plaintiff never gave Defendant such consent.

19. Furthermore, because Plaintiff never agreed to the calls and did not want the calls, Plaintiff asked Defendant on numerous occasions to stop calling her.

20. All of these calls were placed using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store number and to dial those numbers, or to produce telephone numbers to be called using a random or sequential number generator.

21. This is evidenced by:

- The inability to stop the calls;
- The frequency of the calls;
- A brief and unnatural pause from the time Plaintiff answered the calls until the time Defendant's agent comes on the line (for example, Defendant would not appear on the line until Plaintiff's second "hello");
- That none of the calls were initiated using human intervention.
- That several of the calls used a prerecorded or artificial voice.

22. As mentioned, many of the calls were made using an artificial or prerecorded voice, which, aside from being suggestive of autodialer usage, is a separate category of illegal calls under

the TCPA.

23. Plaintiff knew that these calls used a prerecorded voice because she is familiar with normal human interaction, and could tell that the voice on the other line was a recording rather than a live person with whom she could interact. She was unable to interrupt the voice or get the voice to deviate from the prerecorded message, as is the case with prerecorded messages.

24. These calls were not made for any emergency purpose.

25. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited calls;
- Depleted battery and cost in charging her phone;
- Tying up of her telephone line;
- Invasion of Privacy;
- Nuisance.

26. These forms of actual injury are sufficient for Article III standing purposes.

27. Plaintiff is entitled to statutory damages, actual damages, and injunctive relief.

28. Specifically, Plaintiff is entitled to at least $500 for each call placed to her cellular telephone in violation of 47 U.S.C. § 227(b).

29. Plaintiff is also entitled to treble damages for each call made willfully or knowingly and in violation of the TCPA.

30. Defendant's actions were willful because Defendant made the calls of its own

volition.

31. Defendant's actions were knowing violations of § 227(b) because Defendant knew it was placing calls to cellular telephones, knew it was using an automatic telephone dialing system, and knew or should have known it did not have consent.

32. Accordingly, Plaintiff is entitled to $1,500 per call for violations of § 227(b).

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class, defined as follows:

> Plaintiff and all persons within the United States to whose cellular telephone number Defendant Direct Energy, L.P. placed, since October 16, 2013, a telemarketing telephone call using an automatic telephone dialing system when Defendant's records show that it obtained those cellular telephone numbers through the same method in which it obtained Plaintiff's telephone number, or Defendant's records show a request to stop calling that telephone number.

34. Excluded from the class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

35. The Class members for whose benefit this action are brought are so numerous that joinder of all members is impracticable.

36. The exact number and identities of the persons who fit within the class are ascertainable in that Defendant maintains written and electronically stored data showing:

   a. The time period(s) during which Defendant placed its telephone calls;

   b. The telephone numbers to which Defendant placed its telephone calls;

    c. The telephone numbers for which Defendant had prior express written consent;

    d. The telephone numbers associated with any "stop calling" requests;

    e. The equipment and systems used to make each call.

37. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

38. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

    a. Whether Defendant used an automatic telephone dialing system;

    b. Whether Defendant took adequate steps to acquire and/or track consent;

    c. The purpose(s) of Defendant's calls;

    d. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

39. Plaintiff is a member of the class in that Defendant placed a telemarketing call to her cellular telephone using an automatic telephone dialing system, including calls placed after Plaintiff asked Defendant to stop calling.

40. Plaintiff's claims are typical of the Class members' claims in that they arise from Defendant's uniform conduct and are based on the same legal theories as Class members' claims.

41. Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as all Class members spent time tending to Defendant's unwanted calls, suffered depleted battery, and suffered a nuisance and an invasion of their privacy.

42. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

43.     Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

44.     Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

45.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

46.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

47.     Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

48.     Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

49.     Defendant placed numerous telephone calls to Plaintiff and Class members.

50.     These calls all used an automatic telephone dialing system.

51.     The calls were not made for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

52.     All of the calls were telemarketing, in that the calls were meant to sell Defendant's services to Plaintiff and putative Class Members.

53.     None of the calls were placed with prior express written consent of the called party.

54. Furthermore, calls made after the called party asked Defendant to "stop calling" were made without any form of consent.

55. Plaintiff and Class members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Plaintiff and Class members are entitled to an award of treble damages in an amount up to $1,500 for each telephone call, pursuant to 47 U.S.C. § 227(b)(3).

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Angele Getso, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff Getso as the representative of the Class, and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages for each violation of of 227(b);

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** July 25, 2016 /s/ *Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

*Pro Hac Vice* to be filed